UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN P. HACALA,
Individually and as Administrator
of the ESTATE OF STEPHEN
PATRICK HACALA, JR., deceased                                                PLAINTIFF

v.                            Case No. 5:19-CV-05131

AMAZON.COM, INC., et al                                                      DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendant Sincerely Nuts, Inc.'s ("Sincerely Nuts") motion to dismiss (Doc. 30) and brief in support (Doc. 31) and Defendant Amazon.Com, Inc.'s ("Amazon") motion to dismiss (Doc. 32) and a brief in support (Doc. 33). Plaintiff Stephen P. Hacala, ("Plaintiff") filed a response (Doc. 36) to Sincerely Nuts's motion, to which Sincerely Nuts filed a reply (Doc. 42). Plaintiff also filed a response to Amazon's motion (Doc. 35) and Amazon filed a reply (Doc. 45). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Sincerely Nuts and Amazon seek dismissal of Plaintiff's entire second amended complaint for failure to state a claim upon which relief can be granted. For the following reasons, the motions will be granted in part and denied in part.

**I.   Background**

This case arises out of the death of Stephen Patrick Hacala, Jr. ("Hacala"). Hacala was found dead in his apartment on April 3, 2016. An autopsy revealed the cause of death was "accidental morphine intoxication." (Doc. 26, p. 5). Although no morphine was found at Hacala's apartment, a 5-pound bag of unwashed poppy seeds and a 33-fluid ounce bottle containing rinsed poppy seeds were found.

The poppy seeds found at Hacala's apartment were allegedly sold and supplied by

1

Sincerely Nuts and Amazon. Sincerely Nuts is an "importer, manufacturer, assembler, seller, and distributor of nuts and seeds." (Doc. 26, p. 2). Sincerely Nuts sells the poppy seeds through Amazon, a "worldwide seller and distributor of products." (Doc. 26, p. 3). Hacala allegedly ordered a 5-pound bag of Sincerely Nuts's poppy seeds from Amazon on or about March 18, 2016. The poppy seeds were shipped to Hacala on March 20, 2016.

Plaintiff alleges Hacala made and consumed poppy seed tea with the unwashed poppy seeds purchased from Sincerely Nuts and Amazon on April 2, 2016 or April 3, 2016. Plaintiff further alleges Hacala consumed poppy seed tea as a sleep aid because of a history of insomnia. Dr. Erickson, the Deputy Chief Medical Examiner for the Arkansas State Crime Laboratory, found the source of morphine that killed Hacala was "very likely commercially available poppy seeds." (Doc. 26, p. 5).

One of the uses of unwashed poppy seeds is to make poppy seed tea. Poppy seed tea is made by pouring liquids over unwashed poppy seeds to create a rinse, which is then ingested. Amazon's website displays customer reviews and a question and answer ("Q&A") section for the poppy seeds. The reviews and Q&A section discuss using the Sincerely Nuts poppy seeds to make poppy seed tea. The reviews state the poppy seeds are "very potent" and "wonderful seeds for a good poppy rinse tea." (Doc. 26, pp. 4-5). The reviews also explain that poppy seed tea provides a relaxing and calming effect for consumers.

Plaintiff alleges there is opium latex contained on the seed coats, which results in the tea containing morphine and codeine. A study of unwashed poppy seeds has shown it is "possible to obtain lethal doses of morphine from poppy seed tea if moderate volumes of tea are consumed." (Doc. 26, pp. 5-6). In the study, Sincerely Nuts's poppy seeds were found to contain the highest concentration of morphine.

Plaintiff alleges Sincerely Nuts and Amazon knew or should have known of the dangers of poppy seed tea because numerous deaths related to poppy seed tea have occurred and were widely reported in the news. According to Plaintiff, several reported deaths occurred prior to Hacala's and many countries have even banned the sale of poppy seeds because of their morphine content. Plaintiff alleges that despite the knowledge of poppy seed related deaths, Sincerely Nuts and Amazon continue to market and sell unwashed poppy seeds without warnings.

Plaintiff filed a second amended complaint bringing causes of action against Sincerely Nuts and Amazon for strict products liability, negligence, and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101, *et seq*. Plaintiff also claims Sincerely Nuts's failure to label seeds with instructions and warnings breached implied warranties.

## II.    Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

## III. Analysis

The ADTPA provides an individual who "suffers an actual financial loss as a result of his or her reliance on the use of a practice declared unlawful by [the ADTPA] may bring an action to recover his or her actual financial loss." Ark. Code Ann. § 4-88-113(f)(1)(A). Actual financial loss is defined as an "ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person." Ark. Code Ann. § 4-88-102(9). The actual financial loss language dictates that the measure of damages in ADTPA claims is limited to out-of-pocket loss. AMI 2900. Out-of-pocket loss is the difference between the purchase price and the actual value of the items sold. *See Interstate Freeway Servs., Inc. v. Houser*, 835 S.W.2d 872, 875 (Ark. 1992).

Here, Plaintiff has failed to allege any damages that could be recoverable under the ADTPA. Although Plaintiff does state the poppy seeds cost $29.99, there is no factual allegation as to the actual value of the poppy seeds received. Instead, Plaintiff's complaint alleges damages for loss of life, pain and suffering before death, lost income, mental anguish of statutory beneficiaries, funeral expenses, and other wrongful death damages. (Doc. 26, p. 21, ¶ 99). Because Plaintiff has not alleged actual financial loss, Plaintiff has not alleged facts sufficient state a plausible ADTPA claim.

Plaintiff argues the second amended complaint states the requisite factual allegations for an ADTPA claim because the appropriate measure of damages is "actual damages." Plaintiff's

4

argument is that the ADTPA was amended in 2017 to replace actual damages with "actual financial loss" and the amendment does not have retroactive effect. The Court disagrees.

The Arkansas General Assembly amended the ADTPA in 2017 to replace the term "actual damage" with "actual financial loss." *See generally* Margaret E. Rushing, *Deceptively Simple: The Arkansas Deceptive Trade Practices Act*, 71 Ark. L. Rev. 1033 (2019) (explaining the 2017 changes to the ADTPA).[1] Prior to the 2017 amendment, the ADTPA provided recovery for "actual damages or injury." *Id.* The Arkansas Supreme Court ruled the actual damage language did not allow recovery for diminution of value when there is no injury. *Wallis v. Ford Motor Co*, 208 S.W.3d 153, 161 (Ark. 2005). Further, the Arkansas Supreme Court held "actual damage or injury" did not include mental anguish unless there was physical injury or an intent to cause mental distress. *FMC Corp., Inc. v. Heton*, 202 S.W.3d 490, 502-03 (Ark. 2005).

Retroactivity is a matter of legislative intent and unless a statute expressly states otherwise it is presumed to apply on prospectively. *See JurisDictionUSA, Inc. v. Loislaw.com, Inc.*, 183 S.W.3d 560, 565 (Ark. 2004). However, the rule does not "apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a more appropriate remedy to enforce an existing right or obligation." *See Forrest City Mach. Works, Inc. v. Aderhold*, 616 S.W.2d 720, 725 (Ark. 1981). In construing remedial legislation, courts must give "appropriate regard to the spirit which promoted its enactment, the mischief sought to be abolished, and the remedy proposed." *See Ark. Dep't. of Human Servs. Div. of Econ. & Med. Servs. v. Walters*, 866

---

[1] Numerous sentences in Sincerely Nuts's brief in support (Doc. 31) and reply (Doc. 42) appear to have been taken nearly in their entirety from other sources without appropriate citation. This apparent plagiarism came to the Court's attention because several sentences in the reply, and even citations within those sentences, were copied verbatim from the above cited law review comment, which was authored by one of the Court's law clerks. Additional investigation revealed sentences copied without attribution from other secondary sources. The Court reminds counsel that citation in legal briefing is necessary and secondary sources are protected by copyright.

S.W.2d 823, 825 (Ark. 1993). There is "no vested right in any particular mode of procedure or remedy." *Padgett v. Haston*, 651 S.W.2d 460, 464-65 (Ark. 1983). When a statute only relates to remedies or modes of procedure, the rule against retroactivity does not apply. *See id.* "A statute which merely provides a new remedy, enlarges an existing remedy, or substitutes a remedy is not unconstitutionally retrospective . . . ." *See McMickle v. Griffin*, 254 S.W.3d 729, 746 (Ark. 2007) (internal citations omitted) (finding amendment to wrongful death statute creating new measure of damages retroactively applied because amendment merely gave plaintiffs a new remedy for an already existing cause of action).

The 2017 amendment merely changed the type of remedy a plaintiff could recover under the ADTPA. Before the amendment, a plaintiff had a right to bring an ADTPA claim to recover actual damages. That right still exists, but the measure of damages is different. Because the amendment merely provided a new remedy for an ADTPA claim, it applies retroactively. Plaintiff must allege facts plausible to show actual financial loss per Ark. Code Ann. § 4-88-113(f)(1). As discussed above, Plaintiff has failed to do so. Plaintiff's ADTPA claims against Sincerely Nuts and Amazon will be dismissed.

Taking all facts pleaded as true, the Court otherwise finds Plaintiff's second amended complaint contains factual allegations sufficient to state a claim to relief that is plausible on its face as to Plaintiff's remaining causes of action. Amazon and Sincerely Nuts's motions to dismiss will be denied for the remaining claims.

IT IS THEREFORE ORDERED that Sincerely Nuts's motion to dismiss (Doc. 30) and Amazon's motion to dismiss (Doc. 32) are GRANTED IN PART and DENIED IN PART. The motions are GRANTED to the extent that Plaintiff's ADTPA claims are DISMISSED WITH PREJUDICE. Plaintiff's negligence, strict liability, and breach of warranty claims remain

pending.

       IT IS SO ORDERED this 11th day of October, 2019.

                                            */s/ P. K. Holmes, III*
                                            P.K. HOLMES, III
                                            U.S. DISTRICT JUDGE