UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN P. HACALA,
Individually and as Administrator
Of the ESTATE OF STEPHEN
PATRICK HACALA, JR., deceased                                        PLAINTIFF

v.                              No. 5:19-CV-05131

AMAZON.COM, INC., et al                                              DEFENDANTS

**OPINION AND ORDER**

    Before the Court is Defendant Bedemco, Inc.'s ("Bedemco") motion (Doc. 85) to dismiss for lack of jurisdiction and brief in support (Doc. 86). Bedemco argues Plaintiff's claims against Bedemco in the third amended complaint (Doc. 64) should be dismissed because the Court lacks personal jurisdiction over Bedemco and because Plaintiff's claims against Bedemco are barred by the statute of limitations. Plaintiff filed a response (Doc. 89) and, with leave of Court, Bedemco filed a reply (Doc. 94). Plaintiff also filed a motion (Doc. 87) for jurisdictional discovery, Bedemco filed a response (Doc. 92), and Plaintiff, with leave of Court, filed a reply (Doc. 97). Plaintiff asks the Court to allow Plaintiff the opportunity to conduct limited jurisdictional discovery to establish whether minimum contacts sufficient to establish personal jurisdiction exist in this case.

    Whether to grant jurisdictional discovery is a decision committed to the sound discretion of the district court, and the denial of a plaintiff's request to conduct jurisdictional discovery is reviewed for abuse of discretion. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704,713 (8th Cir. 2003). Jurisdictional discovery is properly denied "'when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070,

1

1074 n. 1 (8th Cir. 2004)).  However, when a plaintiff offers documentary evidence in support of its argument that personal jurisdiction exists, a court should not dismiss the cause of action before allowing the plaintiff to take jurisdictional discovery.  *Steinbuch v. Cutler*, 518 F.3d 580, 588-89 (8th Cir. 2008) (finding district court's refusal to allow plaintiff to conduct limited jurisdictional discovery on the issue of defendant's minimum contacts was abuse of discretion because plaintiff "offered documentary evidence, and not merely speculations or conclusory allegations . . . .").

Here, Plaintiff asserts Bedemco regularly sells and distributes its products in Arkansas and offers Bedemco's website, which advertises Bedemco as a worldwide distributor of products, as evidence that personal jurisdiction exists.  Although Bedemco provided an affidavit by its Chief Executive Officer stating Bedemco is not registered to do business in Arkansas, does not have any employees in Arkansas, does not have an office or principal place of business in Arkansas, and does not have any bank account or collect or pay taxes in Arkansas, Bedemco has not demonstrated that it lacks any contact with Arkansas.  Plaintiff has presented documentary evidence that Bedemco holds itself out as a worldwide distributor.  This evidence at the complaint stage makes plausible, if tenuous, the proposition that Bedemco may have contacts in Arkansas sufficient to establish personal jurisdiction.  For this reason, Plaintiff's request for limited jurisdictional discovery will be granted.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 87) for jurisdictional discovery is GRANTED.  Plaintiff may conduct limited jurisdictional discovery on the issue of Bedemco's minimum contacts with Arkansas.  Jurisdictional discovery will conclude **June 1, 2020**.  Any supplemental briefing by Plaintiff on the topic of personal jurisdiction must be filed no later than **June 8, 2020**.  Bedemco may submit a reply to any such briefing by Plaintiff on the subject of personal jurisdiction no later than **June 15, 2020**.

IT IS FURTHER ORDERED that the Court's decision regarding Bedemco's motion (Doc. 85) to dismiss shall be deferred pending Plaintiff's jurisdictional discovery.

IT IS SO ORDERED this 30th day of April, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE